UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| IN RE SWISHER HYGIENE, ) | |
| INC., SECURITIES AND ) | MDL DOCKET NO: 3:12-MD-2384-GCM |
| DERIVATIVE LITIGATION ) | |
| ) | ALL MEMBER CASES |

## JOINT STATEMENT OF FACTS AND DISPUTED ISSUES

Pursuant to Paragraph 3 of the Court's Practice and Procedure Order Upon Transfer Pursuant to 28 U.S.C. §1407(a) dated August 21, 2012 ("August 21 Order"), the parties to the above-captioned multi-district litigation (the "Swisher MDL") jointly submit the following statement for consideration by the Court at the initial pretrial conference on October 18, 2012.

## STATEMENT OF FACTS AND STATUS OF THE SWISHER MDL

Swisher Hygiene, Inc. ("Swisher"), a Delaware corporation headquartered in Charlotte, North Carolina, provides hygiene and sanitation solutions in North America and internationally. On March 28, 2012, Swisher announced the possible restatement of its previously reported financial results for the first, second and third quarters of 2011. Thereafter, litigation was commenced in multiple jurisdictions.

Four putative shareholder securities class actions were filed in the United States District Court for the Western District of North Carolina (the "North Carolina Actions").[1] Two other shareholder suits – one a class action and the other a derivative suit – were filed in the

---

[1] *Russell v. Swisher Hygiene, Inc., et al.*, 3:12-cv-216 (W.D.N.C.); *Birch v. Swisher Hygiene, Inc., et al.*, 3:12-cv-221 (W.D.N.C.); *Cohen v. Swisher Hygiene, Inc., et al.*, 3:12-cv-256 (W.D.N.C.); *Falk v. Swisher Hygiene, Inc., et al.*, 3:12-cv-330 (W.D.N.C.).

United States District Court for the Southern District of New York (the "New York Actions").[2] All six actions arise out of Swisher's March 28, 2012 announcement.

The five putative class actions allege violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. §§ 78j(b), 78t(a), and Rule 10b-5 promulgated thereunder, based on alleged false and misleading disclosures in Swisher's public filings. Defendants deny these allegations.

The derivative action is based on allegations that Swisher's directors and certain officers allowed Swisher to make purported misstatements. Defendants deny these allegations.

On May 18, 2012, this Court entered an order directing that within 60 days of the appointment of a lead plaintiff in the North Carolina Actions that lead plaintiff would file a consolidated amended complaint. In addition, the Court set the time for defendants to answer, move or otherwise respond to that to-be-filed consolidated amended complaint.

On May 29, 2012, five groups of plaintiffs filed motions for the appointment of a lead plaintiff and lead counsel in this Court. On the same day, the same five groups of plaintiffs filed identical motions in the similar class action pending in the Southern District of New York. Of these five motions, only two competing motions remain. One of the motions was filed by James F. Caird, Harry F. Noyes, and Eugene W. Stranch (the "Caird Group"). The other motion was filed by John Nobel, Bryan T. McMahon, and Joseph Meives.

Due to the overlapping nature of the allegations in the six cases, on May 30, 2012, defendants filed a motion with the United States Judicial Panel On Multidistrict Litigation (the

---

[2]  *James v. Swisher Hygiene, Inc., et al.*, 1:12-cv-2406 (S.D.N.Y.) (putative securities class action); *Arsenault v. Steven R. Berrard, et al.*, 1:12-cv-4028 (S.D.N.Y.) (putative shareholder derivative action).

2

"MDL Panel") to centralize all six cases for pre-trial purposes in this Court. On June 13, 2012, in light of the motion pending before the MDL Panel, the Court stayed all proceedings in the North Carolina Actions, including all briefing on the motions for the appointment of a lead plaintiff and lead counsel, until the MDL Panel's ruling. No. 3:12-cv-216, D.I. 36. Proceedings in the New York Actions were effectively stayed as well.

On August 13, 2012, the MDL Panel granted defendants' motion, transferred the New York Actions to this Court, and centralized the six cases before Your Honor as the Swisher MDL.

On August 21, 2012, the Court entered the August 21 Order establishing the Practice and Procedure Upon Transfer Pursuant To 28 U.S.C. § 1407 governing these actions.

On August 22, 2012, the Caird Group filed a notice of resubmission of its motion for the appointment of lead plaintiff and lead counsel in which former plaintiff Harry F. Noyes withdrew from the Caird Group.

On August 31, 2012, defendants Swisher and Steven Berrard filed an unopposed motion to modify this Court's August 21 Order to the extent that it requires the parties to hold a discovery conference pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and submit an Initial Attorney's Conference Form ("IAC Form") regarding that conference. On September 21, 2012, that motion was granted.

A pretrial conference is scheduled with the Court on October 18, 2012. In advance of that conference, the parties submit this statement.

# DISPUTED ISSUES AND OTHER MATTERS
# REQUIRING THE COURT'S ATTENTION

Initially, the parties expect the following threshold issues will require the Court's attention. Depending on the resolution of these issues, the parties may subsequently engage in discussions about discovery and trial related matters.

## I. PUTATIVE SECURITIES CLASS ACTIONS IN THE SWISHER MDL

### A. Appointment of a Lead Plaintiff and Lead Counsel.

The Court must select a lead plaintiff and lead counsel for the consolidated putative class action. *See* 15 U.S.C. §78u-4(a)(3)(B).

### B. Filing of a Consolidated Amended Complaint and Motion to Dismiss.

Once a lead plaintiff and lead counsel are appointed, the lead plaintiff must file a consolidated amended complaint within 60 days. Defendants anticipate moving to dismiss that consolidated amended complaint. A schedule for briefing those motions to dismiss was established by the Court's May 18, 2012 Order No. 3:12-cv-216, D.I. 21.

The parties intend to seek a modification of this schedule to provide that if Swisher issues a restatement after the appointment of a lead plaintiff and lead counsel, the consolidated amended complaint must be filed within 60 days of that restatement.

### C. Stay of Discovery.

Pending a resolution of the motions to dismiss, all discovery is automatically stayed pursuant to the PSLRA. *See* 15 U.S.C. § 78u-4(b)(3)(B) ("In any private action arising under this chapter, all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party."). At this time, no party has sought relief from the statutory stay of discovery provided by the PSLRA.

4

**D.     Motion to Modify The Court's August 21, 2012 Order.**

On August 31, 2012, defendants Swisher and Steven Berrard filed an unopposed motion to modify this Court's August 21 Order to the extent that the August 21 Order required the parties to hold a discovery conference and submit an IAC Form.  In light of the motion to modify, which had not yet been ruled upon by the Court, counsel for defendants and counsel for the remaining class action plaintiffs who seek appointment as lead plaintiff held an initial conference on September 19, 2012, but have not agreed upon dates for discovery as contemplated by the IAC Form.  Thereafter, counsel for Swisher on behalf of all defendants held an initial conference with counsel for the derivative plaintiff, but have not agreed upon dates for discovery as contemplated by the IAC Form.  Defendants' position is that no such dates should be set at this time due to the mandatory stay of discovery provided by the PSLRA.  As plaintiffs have not sought relief from the PSLRA discovery at this time, plaintiffs do not object to defendants' request.

**II.     DERIVATIVE ACTION IN THE SWISHER MDL**

**A.     Service.**

No party has yet been served in the derivative action.

**B.     Motion to Stay or Dismiss.**

Following service, defendants intend to move to dismiss the derivative complaint on the grounds that plaintiff failed to make a pre-suit demand on the board of directors or plead with particularity that such a demand would have been futile.  Plaintiff believes that demand was futile in this matter and that demand futility has been appropriately pled.  Defendants will also likely seek to stay the entire derivative suit pending the outcome of the putative securities class action because the relief sought on behalf of Swisher in the derivative suit depends upon the outcome of the putative securities class action.  Plaintiff would be amendable to such a stay.

After the Court has ruled on the motions to dismiss in the securities actions, plaintiff may seek to file an amended derivative complaint. In such an instance, defendants reserve their rights to seek a continuation of the stay.

Dated this 21st day of September, 2012

        s/ Valecia M. McDowell.
James P. McLoughlin, Jr.
N.C. State Bar No. 13795
Valecia M. McDowell
N.C. State Bar No. 25341
Jonathan M. Watkins
N.C. State Bar No. 42417
MOORE & VAN ALLEN PLLC
Bank of America Corporate Center
100 North Tryon Street, Suite 4700
Charlotte, North Carolina 28202
(704) 331-1000
(704) 331-1159 (facsimile)
jimmclouglin@mvalaw.com
valeciamcdowell@mvalaw.com
watkinsj@mvalaw.com

Jay B. Kasner
Scott D. Musoff
Rachel J. Barnet
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000
(212) 735-2000 (facsimile)
Jay.Kasner@skadden.com
Scott.Musoff@skadden.com
Rachel.Barnett@skadden.com

*Counsel for Defendant Swisher Hygiene, Inc.*

s/ Gary W. Jackson
Gary W. Jackson
N.C. State Bar No. 13976

Sam McGee
N.C. State Bar No. 25343
JACKSON & MCGEE, LLP
225 E. Worthington Avenue, Suite 200
Charlotte, North Carolina 28203
(704) 377-6680
(704) 377-6690 (facsimile)
gjackson@ncadvocates.com
smcgee@ncadvocates.com

*Proposed Liaison Counsel for Lead Plaintiff Movants James F. Caird and Eugene W. Stranch*

s/ Jason M. Leviton
Jeffrey C. Block
Jason M. Leviton
Whitney E. Street
BLOCK & LEVITON LLP
155 Federal Street
Suite 1303
Boston, Massachusetts 02110
(617) 398-5600
(617) 507-6020 (facsimile)
jeff@blockesq.com
jason@blockesq.com

*Proposed Lead Counsel for Lead Plaintiff Movants James F. Caird and Eugene W. Stranch*

s/ Paul R. Dickinson, Jr.
Paul R. Dickinson, Jr.
N.C. State Bar No. 20510
LEWIS & ROBERTS, PLLC
One Southpark Center
6060 Piedmont Row Drive South
Suite 140
Charlotte, North Carolina 28287
(704) 347-8990
(704) 347-8929 (facsimile)
prd@lewis-roberts.com

7

*Liaison Counsel for Lead Plaintiff Movants John Nobel, Bryan T. McMahon and Joseph Meives and Proposed Liaison Counsel for the Class*


Sandy A. Liebhard
Joseph R. Seidman, Jr.
BERNSTEIN LIEBHARD LLP
10 East 40th Street, 22nd Floor
New York, New York 10016
(212) 779-1414
(212) 779-3218 (facsimile)
liebhard@bernlieb.com
seidman@bernlieb.com

*Attorneys for Lead Plaintiff Movants John Nobel, Bryan T. McMahon and Joseph Meives and Proposed Lead Counsel for the Class*


s/ David Nelson
David Nelson
Stuart H. Singer
Justin D. Fitzdam
BOIES, SCHILLER & FLEXNER LLP
401 E. Las Olas Boulevard
Suite 1200
Fort Lauderdale, Florida 33301
(954) 356-0011
(954) 356-0022 (facsimile)
dnelson@bsfllp.com
ssinger@bsfllp.com
jfitzdam@bsfllp.com

*Attorneys for Defendant Steven R. Berrard*


s/ Adjoa Panyin Linzy
Adjoa Panyin Linzy
N.C. State Bar No. 39859
DLA PIPER LLP (US)
500 Eighth Street, NW
Washington, DC 20004
(202)-799-4425

8

(202) 799-5425 (facsimile)
adjoa.linzy@dlapiper.com

David Clarke, Jr.
DLA PIPER LLP (US)
500 Eighth Street, NW
Washington, DC 20004
202-799-4000
david.clarke@dlapiper.com

*Attorneys for Defendant Michael Kipp*


s/ Peyton J. Healey
Patrick W. Powers
Peyton J. Healey
POWERS TAYLOR LLP
8150 North Central Expressway
Suite 1575
Dallas, Texas  75206
(214) 239-8900
(214) 239-8901 (facsimile)
patrick@powerstaylor.com
peyton@powerstaylor.com

Daniel I. Wolf
Brian C. Kerr
488 Madison Avenue, 8th Floor
New York, New York  10022
(212) 501-9000
(212) 501-0300 (facsimile)

Willie C. Briscoe
THE BRISCOE LAW FIRM, PLLC
The Preston Commons
8117 Preston Road, Suite 300
Dallas, Texas  75225
(214) 706-9314
(2140 706-9315 (facsimile)

*Attorneys for Plaintiff Clarence Arsenault*

9

## CERTIFICATE OF SERVICE

I hereby certify that on September 21, 2012, I electronically filed the foregoing **JOINT STATEMENT OF FACTS AND DISPUTED ISSUES** with the clerk of court for the United States District Court, Western District of North Carolina, using the electronic case filing system of the Court. The electronic case filing system will send a "Notice of Electronic Filing" to all attorneys of record who have consented to accept service by electronic means.

s/ Valecia M. McDowell