# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

|  |  |
|---|---|
| IN RE SWISHER HYGIENE, INC. SECURITIES AND DERIVATIVE LITIGATION | MDL DOCKET NO: 3:12-MD-2384-GCM <br><br> ALL MEMBER CASES |

## ORDER PRELIMINARILY APPROVING SETTLEMENT AND AUTHORIZING NOTICE AND SCHEDULING SETTLEMENT HEARING

WHEREAS, a consolidated class action is pending before the Court entitled: *In re Swisher Hygiene, Inc. Securities and Derivative Litigation,* MDL Docket No. 3:12-MD-2384-GCM (the "Consolidated Class Action");

WHEREAS, the Court has received the Stipulation of Compromise and Settlement dated February 5, 2014 (the "Stipulation"), that has been entered into by James F. Caird ("Caird") and Eugene W. Stranch ("Stranch" and collectively, "Lead Plaintiffs") and defendants Swisher Hygiene, Inc. ("Swisher" or the "Company'"), Steven R. Berrard and Michael J. Kipp (collectively, "Defendants," and with Plaintiffs, each, a "Party" and collectively, the "Parties");

WHEREAS, the Parties to the Consolidated Class Action, having applied for an order determining certain matters in connection with the proposed settlement of the Consolidated Class Action (the "Settlement"), in accordance with the Stipulation entered into by the Parties, and for dismissal of the Consolidated Class Action as against Defendants upon the terms and conditions set forth in the Stipulation; and

NOW, upon consent of the Parties, after review and consideration of the Stipulation filed with the Court and the exhibits annexed thereto, and after due deliberation,

**IT IS HEREBY ORDERED** that:

1.      This Order incorporates by reference the definitions in the Stipulation and unless defined herein, capitalized words and terms shall have the same meanings as they have in the Stipulation.

2.      For purposes of the proposed Settlement only, and preliminarily for purposes of this Order, the Consolidated Class Action shall be maintained and proceed as an opt-out class action pursuant to Federal Rule of Civil Procedure 23(b)(3) by Lead Plaintiffs, as class representatives, on behalf of the following class (the "Class"). Any and all record and beneficial holders of Swisher common stock, their respective successors in interest, successors, predecessors in interest, predecessors, representatives, trustees, executors, administrators, heirs, assigns or transferees, immediate and remote, and any person or entity acting for or on behalf of, or claiming under, any of them, and each of them, together with their predecessors and successors and assigns, who purchased on the NASDAQ stock exchange or otherwise acquired shares of Swisher common stock in a transaction that took place within the United States or its territories at any time between and including March 1, 2011 and March 28, 2012. Excluded from the Class are: Individuals named as defendants in the Consolidated Class Action, Swisher's current and former directors and officers and their immediate family members, and any entity controlled by Swisher's current and former directors and officers. Also excluded from the Class is any Person (defined below) who excludes themselves by filing a timely Request for Exclusion (defined below).

3.      A hearing shall be held by the Court on **August 6, 2014** at **11 a.m.** in **Courtroom 3** at the United States District Court for the Western District of North Carolina, United States Courthouse, Charles R. Jonas Federal Building, 401 West Trade Center, Charlotte, North Carolina 28202 (the "Settlement Hearing") to, among other things:

(i) determine whether the Class as defined above should be certified pursuant to Federal Rule of Civil Procedure 23(b)(3);

(ii) determine whether the proposed Settlement should be approved as fair, reasonable, adequate and in the best interests of the Class;

(iii) determine whether all of Lead Plaintiffs' claims should be dismissed with prejudice;

(iv) determine whether the proposed Order and Final Judgment approving the Settlement should be entered;

(v) determine whether, and in what amount, an award of attorneys' fees and expenses should be paid to Lead Plaintiffs' counsel (the "Fee Application");

(vi) consider any objections to the proposed Settlement or Fee Application; and

(vii) rule on such other matters as the Court may deem necessary and appropriate.

4. The Court reserves the right to adjourn the Settlement Hearing or any adjournment thereof, including the consideration of the Fee Application, without further notice of any kind to the Class.

5. The Court reserves the right to approve the Settlement at or after the Settlement Hearing with such modification(s) as may be consented to by the Parties to the Stipulation and without further notice to the Class.

6. Lead Counsel is hereby authorized to retain the firm of A.B. Data, Ltd. as claims administrator (the "Claims Administrator") to supervise and administer the notice and claims procedures.

7. The Court approves, in form and content, the Notice of Pendency Of Consolidated Class Action, Proposed Settlement, Settlement Hearing And Right To Appear

(the "Notice") substantially in the form attached to the Stipulation as Exhibit A(l), including the proposed plan of allocation of the Settlement Fund as set forth in the Notice. Lead Counsel shall cause the Claims Administrator to mail the Notice and Proof of Claim form, substantially in the form of Exhibit A(1) and Exhibit A(2) attached to the Stipulation, to the Class Members, as can be reasonably determined from the stock records maintained by or on behalf of Swisher, by first-class mail postage prepaid no later than sixty (60) calendar days prior to the Settlement Hearing, and that such Notice also shall be provided via internet publication, which shall link to a dedicated website page created by Lead Counsel and maintained through the date of the Settlement Hearing, which contains the Notice and other relevant Settlement documents. Lead Counsel shall also cause the Summary Notice, substantially in the form of Exhibit A(3) attached to the Stipulation, to be published once in *Investors Business Daily* within ten (10) calendar days of the date on the Notice.

        8. Any Class Member who objects to the terms of the Stipulation, the proposed Settlement (including the plan of allocation of the Settlement Fund as set forth in the Notice), the class action determination, the adequacy of the representation of the Class by Lead Plaintiffs and Lead Counsel, entry of the Order and Final Judgment approving the Settlement, and/or the Fee Application, or who otherwise wishes to be heard, may appear in person or by his, her or its attorneys at the Settlement Hearing and present any evidence or argument that may be proper and relevant; *provided, however,* that no person or entity (other than the Parties) shall be heard, and no papers, briefs, pleadings or other documents submitted by any such person or entity shall be received and considered by the Court (unless the Court, in its discretion, thereafter otherwise shall direct, upon application of such person or entity and for good cause shown), unless no later than twenty-one (21) calendar days prior to the Settlement

Hearing, (i) written notice of the intention to appear, identifying the name, address and telephone number of the objector and, if represented, the objector's counsel; (ii) a signed detailed statement by the objector of such objector's objections to any matters before the Court, (iii) all of the grounds for such objections and reasons that such objector desires to appear and be heard; (iv) proof of membership in the Class including a listing of all shares of Swisher common stock purchased, acquired or sold between and including March 1, 2011 and March 28, 2012; and (v) all documents and writings which such objector desires the Court to consider, shall be filed by such person or entity with the Court and, simultaneously with or before such filing, shall be served by hand or overnight delivery upon the counsel to Lead Plaintiffs and Swisher as identified in the Notice. Any person or entity objecting to the Settlement shall submit to the Court's jurisdiction and agrees that the Parties may depose the person or entity with regard to their objection. Unless the Court otherwise directs, no person or entity shall be entitled to object to the approval of the Settlement, any judgment entered thereon, the adequacy of the representation of the Class by Lead Plaintiffs and Lead Counsel, any award of attorneys' fees and expenses, or otherwise be heard, except by serving and filing a written objection and supporting papers and documents as described above. Any person or entity who fails to object in the manner described above shall be deemed to have waived the right to object (including any right of appeal) and shall be forever barred from raising such objection in the Consolidated Class Action or any other proceeding.

        9.        The Parties shall file any papers, including memoranda or briefs, in response to any objections no later than five (5) business days prior to the Settlement Hearing.

        10.        Any Class Member may, upon request, be excluded from the Settlement provided that any such Class Member must submit to the Claims Administrator a request for

exclusion ("Request(s) for Exclusion") by no later than twenty-one (21) calendar days before the Settlement Hearing and state: (i) the name, address and telephone number of the Class Member requesting exclusion; (ii) the Class Member's purchases, acquisitions and sales of Swisher common stock made during the Class Period, including the dates, the number of shares of common stock, and price paid or received per share for each such purchase, acquisition or sale; and (iii) that the Class Member wishes to be excluded from the Class. Requests for Exclusion shall be deemed to have been submitted when postmarked, if mailed by first-class, or registered or certified mail, postage prepaid. All other Requests for Exclusion shall be deemed to have been submitted on the date they are actually received by the Claims Administrator. All Class Members who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall have no rights under the Stipulation and shall not share in the distribution of the Settlement Fund.

11. Any Class Member who wishes to participate in the Settlement must submit a valid Proof of Claim to the Claims Administrator, at the Post Office Box indicated in the Notice, by no later than one hundred and twenty (120) calendar days following the date on the Notice. Such deadline may be further extended by Court order. Proofs of Claim shall be deemed to have been submitted when postmarked, if mailed by first-class, or registered or certified mail, postage prepaid, addressed in accordance with the instructions given in the Proof of Claim. All other Proofs of Claim shall be deemed to have been submitted at on the date they are actually received by the Claims Administrator. To be valid, a Proof of Claim must: (i) be completed in a manner that permits the Claims Administrator to determine the eligibility of the claim as set forth in the Proof of Claim; (ii) include the release by the Claimant of all Defendant Released Persons as set forth in the Stipulation; and (iii) be signed with an

affirmation that the information is true and correct. All Class Members who do not submit valid and timely Proofs of Claim shall be forever barred from receiving any payments from the Settlement, but will in all other respects be subject to and bound by the provisions of the Stipulation and the Order and Final Judgment, if entered.

12. All proceedings in the Consolidated Class Action (other than proceedings as may be necessary to carry out the terms and conditions of the Settlement) are stayed pending final determination of whether the Settlement provided for in the Stipulation should be approved.

13. Lead Plaintiffs shall assume the administrative responsibility of providing, and preparing and disseminating, the Notice, Proof of Claim form and Summary Notice to the Class, as required by this Order and may draw upon the Settlement Payment to pay for the costs of providing notice to the Class. If the Settlement is not approved, neither Lead Plaintiffs nor Plaintiffs' Counsel shall have any obligation to reimburse Defendants for funds used to pay for providing notice to the Class to the extent they were paid out of the Settlement Payment. At least ten (10) business days before the Settlement Hearing, Lead Plaintiffs shall file with the Court appropriate proof that the notice required by this Order has been provided to the Class Members. At least ten (10) business days before the Settlement Hearing, Lead Plaintiffs shall also file with the Court a list of any timely and valid Requests for Exclusion received by the Claims Administrator.

14. Lead Counsel is authorized to act on behalf of the Class with respect to all acts required by, or which may be given pursuant to, the Stipulation or such other acts that are reasonably necessary to consummate the proposed Settlement set forth in the Stipulation.

15. The form and method of notice specified herein is the best notice practicable and shall constitute due and sufficient notice to all persons and entities entitled to receive such notice and fully satisfies the requirements of due process and of Federal Rule of Civil Procedure 23.

16. If the Settlement, including any amendment made in accordance with the Stipulation, is not approved by the Court or shall not become effective for any reason whatsoever, the Settlement (including any modification thereof) made with the consent of the Parties as provided for in the Stipulation, and any actions taken or to be taken in connection therewith (including this Order and any judgment entered herein), shall be terminated and shall become void and of no further force and effect except for the Parties' obligations to pay for any expense incurred in connection with the notice and administration provided for by this Order.

17. Neither the Stipulation nor any provisions contained in the Stipulation, nor any negotiations, statements or proceedings in connection therewith, nor any action undertaken pursuant thereto, shall be construed as, or deemed to be evidence of, an admission or concession on the part of Lead Plaintiffs, Defendants, any member of the Class, or any other person or entity, of any liability or wrongdoing by them, or any of them, and shall not be offered or received in evidence in any action or proceeding (except an action to enforce the Stipulation and Settlement contemplated hereby), or be used in any way as an admission, concession or evidence of any liability or wrongdoing of any nature, and shall not be construed as, or deemed to be evidence of, an admission or concession that Lead Plaintiffs, any member of the Class, any present or former stockholder of Swisher, or any other person or entity, has or has not suffered any damage.

18. Plaintiffs' Counsel shall file and serve papers in support of approval of the proposed Settlement (including the plan of allocation of the Settlement Fund as set forth in the Notice) and their Fee Application no later than twenty-eight (28) calendar days before the date scheduled for the Settlement Hearing.

19. If the Court approves the proposed Settlement provided for in the Stipulation following the Settlement Hearing, the Order and Final Judgment shall be entered substantially in the form attached to the Stipulation as Exhibit B.

20. The Court authorizes payment out of the Settlement Fund of the expenses described in paragraph 3.1(a) of the Stipulation.

21. The passage of title and ownership of the Settlement Payment to an escrow agent in accordance with the terms of the Stipulation is approved. No person or entity that is not a Class Member or counsel for Lead Plaintiffs shall have any right to any portion of, or in the distribution of, the Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Stipulation.

22. The Court may, for good cause, extend any of the deadlines set forth in this Order without further notice to Class Members.

**SO ORDERED.**

*[Signature]*

Graham C. Mullen
United States District Judge