**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

|  |  |  |
|---|---|---|
| | ) | |
| IN RE SWISHER HYGINE, | ) | |
| INC. SECURITIES AND | ) | 3:12-md-2384 |
| DERIVATIVE LITIGATION | ) | |
| | ) | |

**ORDER**

**THIS MATTER** is before the Court on Plaintiffs' Motion for Suggestion for Remand (Doc. No. 89) and supporting brief (Doc. No. 90), Defendants' Response in Opposition (Doc. No. 91), and Plaintiffs' Reply (Doc. No. 93). On July 22, 2014, the Court held a hearing and heard oral argument on this and other matters relating exclusively to the *Miller* action (Member Case No. 3:14-cv-2387). Plaintiffs ask the Court to issue a suggestion for remand to the Judicial Panel on Multidistrict Litigation (J.P.M.L.), which transferred this action to this Court on October 2, 2013. (*See* Doc. No. 27, Member Case No. 3:14-cv-2387). For the reasons set forth below, that Motion is **DENIED**.

**I. BACKGROUND**

This case is part of a larger MDL captioned *Swisher Hygiene, Inc., Securities and Derivative Litigation*, which was centralized before this Court on August 13, 2012 by order of the J.P.M.L. (Doc. No. 1). It now contains eight member cases and centers around "factual issues arising from allegations that defendants made false and/or misleading statements and/or failed to disclose that Swisher was improperly accounting for business transactions, and was improperly calculating its allowance for doubtful accounts receivable." (*Id.*) On August 21, 2012, this Court issued a Practice and

Procedure Order consolidating all member cases, as well as any tag-along actions, for pretrial purposes (Doc. No. 2). On October 24, 2012, the Court issued a scheduling order setting a deadline for the filing of a consolidated amended complaint for the securities class action cases, staying discovery, and staying any derivative claims in the MDL pending final adjudication of all the non-derivative claims in the MDL. (*See* Doc. No. 36).

Since that time, the parties to the securities class action cases have reached an agreement on a proposed settlement, which the Court preliminarily approved on March 11, 2014 (Doc. No. 70). The Court will hold a final settlement hearing on that matter on August 6, 2014.

## II. DISCUSSION

Cases are transferred pursuant to 28 U.S.C. §1407 in order to "promote the just and efficient conduct of such actions" during pretrial proceedings. *Id.* Those actions are then "remanded by the panel at or before the conclusion of such pretrial proceedings to the district from which it was transferred." *Id.* Where pretrial proceedings have not concluded, the question of whether to remand the case "turns on . . . whether the case will benefit from further coordinated proceedings as part of the MDL." *In re Portfolio Recovery Assocs., LLC*, No. 11-md-2295, 2013 WL 5372834, at *1 (S.D. Cal. Sept. 23, 2013). Generally, cases are remanded before the conclusion of pretrial proceedings "only upon a showing of good cause." *In re CBS Color Tube Patent Litig.*, 342 F. Supp. 1403, 1405 (J.P.M.L. 1972). The party seeking remand has the burden of establishing that good cause. *Hildes v. Arthur Andersen LLP*, No. 08-cv-0008, 2014 WL 1571330, at *2 (S.D. Cal. Apr. 16, 2014).

Here, Plaintiffs seek remand because they believe that their claims and those of the other cases in the MDL "are on divergent tracks." In support, they note that the securities class action cases have reached a settlement, and that their case will not be part of that settlement. Because of that, they argue, the potential efficiencies that warranted transfer in the first place no longer exist. Defendants respond that the settlement of the securities class action cases does not suddenly obviate the purpose of the MDL—the Court must still administer the settlement, resolve the remaining cases in the MDL, and address any opt-outs that may be transferred in. Moreover, they note that Plaintiffs' arguments about the dissimilarity of their case from the others in the MDL were recently considered and rejected by the J.P.M.L.

Indeed, Plaintiffs opposed the transfer of this case in the first instance, and argued to the J.P.M.L. that their case was unique. The Panel rejected their arguments and specifically noted that "[t]o the extent that *Miller* involves some unique issues, the transferee judge has the discretion to handle those issues through the use of appropriate pretrial devices, such as separate tracks for discovery and motion practice." (Doc. No. 27, Member Case No. 3:14-cv-2387). Thus, the Panel was well aware that this case might present unique issues, but determined that sufficient similarities existed to merit transfer. The only thing that has changed since that time is that some of the cases in the MDL have reached a settlement. The Court concludes that this is not a sufficient basis to warrant a suggestion of remand, and that Plaintiffs have not shown good cause for such a suggestion.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion (Doc. No. 89) is **DENIED**.

**SO ORDERED.**

Signed: August 4, 2014

Graham C. Mullen
United States District Judge