IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

―――――――――――――――――――――――x
**IN RE SWISHER HYGIENE,**          MDL DOCKET NO: 3:12-MD-2384-GCM
**INC. SECURITIES AND**
**DERIVATIVE LITIGATION**          ALL MEMBER CASES
―――――――――――――――――――――――x

## ORDER AND FINAL JUDGMENT

The Stipulation of Settlement dated February 5, 2014 (the "Stipulation"), of the above-captioned consolidated class action (the "Consolidated Class Action") and the settlement contemplated therein (the "Settlement") having been presented at the Settlement Hearing on August 6, 2014, pursuant to the Order Preliminarily Approving Settlement and Authorizing Notice and Scheduling Settlement Hearing entered herein on March 11, 2014 (the "Preliminary Approval Order"), which Stipulation was entered into by (i) co-lead plaintiffs James F. Caird and Eugene W. Stranch (collectively, "Lead Plaintiffs"), by and through their undersigned counsel, on their own behalf and on behalf of the Class (defined below), and (ii) defendants Swisher Hygiene, Inc. ("Swisher" or the "Company"), Steven R. Berrard and Michael J. Kipp (collectively, "Defendants," and with Lead Plaintiffs, each, a "Party" and collectively, the "Parties"), by and through their undersigned counsel; and the Court, having determined that notice of said hearing was given in accordance with the Preliminary Approval Order to members of the Class (defined below), and that said notice was the best notice practicable and was adequate and sufficient; and the Parties having appeared by their attorneys of record; and the attorneys for the respective Parties having been heard in support of the Stipulation and the Settlement; and an opportunity to be heard having been given to all other persons and entities desiring to be heard as provided in the Preliminary Approval Order; and the entire matter of the Settlement having been considered by the Court,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** as follows:

1. This Order and Final Judgment incorporates and makes part hereof: (i) the Stipulation filed with the Court on February 5, 2014; (ii) proof of mailing of the Notice of Pendency of Consolidated Class Action, Proposed Settlement, Settlement Hearing And Right To Appear (the "Notice") filed with the Court on July 9, 2014; (iii) proof of publication of the Summary Notice of Pendency and Proposed Settlement of Consolidated Class Action (the "Summary Notice") filed with the Court on July 9, 2014; (iv) proof of internet publication of the Notice and dedicated website page filed with the Court on July 9, 2014 ; and (iv) list of any requests for exclusion ("Request(s) for Exclusion") from the Settlement filed with the Court on July 24, 2014.

2. This Order and Final Judgment incorporates by reference the definitions in the Stipulation and unless defined herein, capitalized words and terms shall have the same meaning as they have in the Stipulation.

3. The Court has jurisdiction over the subject matter of the Consolidated Class Action, Lead Plaintiffs, the other members of the Class (defined below) and Defendants.

4. Notice has been given to the Class (defined below) pursuant to and in the manner directed by the Preliminary Approval Order, proof of notice was filed with the Court by Plaintiffs' Counsel, and full opportunity to be heard has been offered to all Parties, the Class, and persons in interest. The form and method of the notice is: (i) hereby determined to have been the best notice practicable under the circumstances to apprise members of the Class of the pendency of the Consolidated Class Action, of the effect of the proposed Settlement (including the nature and scope of releases contained therein) and of their rights to object to the proposed Settlement and appear at the Settlement Hearing or exclude themselves from the Settlement; (ii)

constituted due, adequate and sufficient notice to all persons and entities entitled to receive notice; and (iii) was given in full compliance with each of the requirements of Federal Rule of Civil Procedure 23. It is determined that all members of the Class (defined below) are bound by this Order and Final Judgment herein.

    5.    The Court hereby finds, pursuant to Federal Rule of Civil Procedure 23, as follows:

    (i)    that pursuant to Federal Rule of Civil Procedure 23(a): (a) the Class (defined below) is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Class (defined below); (c) the claims of Lead Plaintiffs are typical of the claims of the Class; (d) Lead Plaintiffs and Lead Counsel (as identified below) have fairly and adequately protected the interests of the Class; and (e) questions of law or fact common to Class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy;

    (ii)    that the requirements of Federal Rule of Civil Procedure 23 have been satisfied;

    (iii)    that the requirements of the Federal Rule of Civil Procedure 23 and due process have been satisfied in connection with the form and manner of notice given;

    (iv)    that the Consolidated Class Action is a proper class action pursuant to Federal Rule of Civil Procedure 23(b)(3), and is hereby certified as a class

consisting of any and all record and beneficial holders of Swisher common stock, their respective successors in interest, successors, predecessors in interest, predecessors, representatives, trustees, executors, administrators, heirs, assigns or transferees, immediate and remote, and any person or entity acting for or on behalf of, or claiming under, any of them, and each of them, together with their predecessors and successors and assigns, who purchased on the NASDAQ stock exchange or otherwise acquired shares of Swisher common stock in a transaction within the United States or its territories at any time between and including March 1, 2011 and March 28, 2012 (the "Class"). Excluded from the Class are: Individuals named as defendants in the Consolidated Class Action, Swisher's current and former directors and officers and their immediate family members, and any entity controlled by Swisher's current and former directors and officers. Also excluded from the Class is any person or entity who excludes themselves by filing a timely Request for Exclusion.

(v)  that Lead Plaintiffs are hereby certified as the Class representatives and Block & Leviton LLP are certified as Class Lead Counsel.

6. The Settlement, and all transactions preparatory or incident thereto, are found to be fair, reasonable, adequate, and in the best interests of the Class, and it is hereby approved in all respects pursuant to Federal Rule of Civil Procedure 23(e). The Parties to the Stipulation are hereby authorized and directed to comply with and to consummate the Settlement in accordance with its terms and provisions; and the Clerk of the Court is directed to enter and docket this Order and Final Judgment in the Consolidated Class Action.

4

7. The Consolidated Class Action and related Putative Securities Actions are hereby dismissed with prejudice in their entirety as to Defendants and against Lead Plaintiffs and all other members of the Class on the merits and, except as provided herein, without costs.

8. The terms of the Stipulation and this Order and Final Judgment shall forever be binding on Lead Plaintiffs, members of the Class and Plaintiff Releasing Persons (defined below) and their counsel.

9. The Court hereby dismisses the Consolidated Class Action with prejudice, and orders the settlement and release of any and all claims, demands, rights, actions, causes of action, liabilities, damages, losses, obligations, judgments, duties, suits, costs, expenses, matters, and issues known or unknown, contingent or absolute, suspected or unsuspected, disclosed or undisclosed, liquidated or unliquidated, matured or unmatured, accrued or unaccrued, apparent or unapparent, that have been or could have been, asserted in any court, tribunal or proceeding (including but not limited to any claims arising under federal, state, foreign, or common law, including the federal securities laws and any state disclosure law), by or on behalf of Lead Plaintiffs or any Class Member, whether individual, direct, class, derivative, representative, legal, equitable, or any other type or in any other capacity (collectively, the "Plaintiff Releasing Persons") against the Defendants or any of their families, parent entities, controlling persons, associates, affiliates or subsidiaries and each and all of their respective past or present officers, directors, stockholders, principals, representatives, employees, attorneys, financial or investment advisors, consultants, accountants, investment bankers, commercial bankers, entities providing fairness opinions, advisors, insurers, reinsurers, agents, heirs, executors, trustees, general or limited partners or partnerships, limited liability companies, members, joint ventures, personal or legal representatives, estates, administrators, predecessors, successors or assigns (the "Defendant

5

Released Persons") which the Plaintiff Releasing Persons ever had, now have or may have had by reason of, arising out of, relating to or in connection with the acts, events, facts, matters, transactions, occurrences, statements or representations, or any other matter whatsoever set forth in or otherwise related, directly or indirectly, to the allegations in the Consolidated Class Action and related Putative Securities Actions consolidated therein, the allegations in the Class Action Complaint including, without limitation, all of Swisher's public filings cited therein, the allegations in the complaints filed in the Putative Securities Actions, Swisher's first, second and third quarter 2011 financial results, Swisher's acquisitions in 2011, Swisher's internal controls, the Internal Review and/or the Restatement (including the adequacy and completeness of such disclosures) (the "Plaintiffs' Settled Claims"); *provided, however*, that the Plaintiffs' Settled Claims shall not release any claims to enforce the Settlement.

10. The Court also orders the settlement and release of any and all claims, known or unknown, for damages, injunctive relief, or any other remedies against Lead Plaintiffs, Lead Counsel, any Class Member, their attorneys or agents ("Plaintiff Released Persons") based upon, arising from or related to the prosecution and/or settlement of the Consolidated Class Action and related Putative Securities Actions by Defendants ("Defendant Releasing Persons"), including any claim or assertion that Federal Rule of Civil Procedure 11 was violated in any matter (the "Defendants' Settled Claims); *provided, however*, that the Defendants' Settled Claims shall not release any claims to enforce the Settlement.

11. The releases described in paragraphs 9 and 10 shall extend to all claims that Lead Plaintiffs and Defendants do not know or suspect to exist at the time of the releases, which, if known, might have affected the decision to enter into the releases and participate in the Settlement. Additionally, Defendants and Lead Plaintiffs acknowledge, and the members of the

Class by operation of law shall be deemed to have acknowledged, that they may discover facts in addition to or different from those now known or believed to be true by them with respect to the Plaintiffs' Settled Claims and Defendants' Settled Claims, but that it is the intention of Defendants, Lead Plaintiffs, and by operation of law the intention of the members of the Class, to completely, fully, finally and forever compromise, settle, release, discharge, extinguish and dismiss any and all Plaintiffs' Settled Claims and Defendants' Settled Claims, known or unknown, suspected or unsuspected, contingent or absolute, accrued or unaccrued, apparent or unapparent, which now exist, or heretofore existed, or may hereafter exist, and without regard to the subsequent discovery of additional or different facts.  Defendants and Lead Plaintiffs acknowledge, and the members of the Class by operation of law shall be deemed to have acknowledged, that "Unknown Claims" (defined below) are expressly included in the definition of "Plaintiffs' Settled Claims" and "Defendants' Settled Claims," and that such inclusion was expressly bargained for and was a key element of the Settlement and was relied upon by each and all of the Lead Plaintiffs and Defendants in entering into the Stipulation.  "Unknown Claims" means any claim that Defendants, Lead Plaintiffs or any member of the Class does not know or suspect exists in his, her or its favor at the time of the release of the Plaintiffs' Settled Claims and Defendants' Settled Claims as against the Defendant Released Persons and Plaintiff Released Persons, including without limitation those which, if known, might have affected the decision to enter into the Settlement.

12. The Settlement extinguishes all of the Plaintiffs' Settled Claims and the Defendants' Settled Claims and, consistent with such intention, the Plaintiff Releasing Persons and Defendant Releasing Persons shall waive and relinquish, to the fullest extent permitted by law, the provisions, rights and benefits of any state, federal or foreign law or principle of

common law, which may have the effect of limiting the releases set forth above.  This shall include a waiver by the Plaintiff Releasing Persons and the Defendant Releasing Persons of any rights pursuant to section 1542 of the California Civil Code (or any similar, comparable or equivalent provision of any federal, state or foreign law, or principle of common law), which provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

13. This Order and Final Judgment, the Stipulation and all negotiations, statements, and proceedings in connection herewith shall not, in any event, be construed or deemed to be evidence of an admission or concession on the part of Lead Plaintiffs, Defendants, any member of the Class, or any other person or entity, of any liability or wrongdoing by them, or any of them, and shall not be offered or received in evidence in any action or proceeding (except an action to enforce the Settlement), or be used in any way as an admission, concession, or evidence of any liability or wrongdoing of any nature, and shall not be construed as, or deemed to be evidence of, an admission or concession that Lead Plaintiffs, any members of the Class, any present or former stockholder of Swisher, or any other person or entity, has or has not suffered any damage.

14. The plan of allocation for the Settlement Fund as set forth in the Notice is approved as fair and reasonable, and Lead Counsel and the Claims Administrator are directed to administer the Stipulation in accordance with its terms and provisions.

15. The Court finds and concludes, pursuant to Section 21D(c)(1) of the Securities Exchange Act of 1934, as amended by the PSLRA, 15 U.S.C. §§ 77z-1(c)(1), 78u-4(c)(1), that Lead Plaintiffs, Lead Counsel, Defendants, and Defendants' counsel have complied with each

requirement of Federal Rule of Civil Procedure 11(b) as to any complaint, responsive pleading or dispositive motion.

16. The Court finds that all persons and entities within the definition of the Class have been adequately provided with an opportunity to remove themselves from the Settlement by submitting a Request for Exclusion from the Settlement in conformity with the terms of the Notice. All persons and entities who have requested exclusion from the Settlement in the manner described in the Notice are not bound by this Order and Final Judgment. All persons and entities who have opted out of the Consolidated Class Action are identified on Exhibit 1 hereto.

17. In the event that the Settlement fails to become effective in accordance with its terms, or if this Order and Final Judgment is reversed, vacated or materially modified on appeal (and, in the event of material modification, if any Party elects to terminate the Settlement), this Order and Final Judgment (except this paragraph) shall be null and void, the Settlement shall be deemed terminated, and the Parties shall return to their pre-settlement positions as provided for in the Settlement, except that (i) any modifications, reversal or vacation of the award of attorneys' fees and expenses to Plaintiffs' Counsel on appeal or in any further motions in the Court shall in no way disturb or affect any other part of this Order and Final Judgment; and (ii) any further proceedings, whether before the Court or on appeal, related to the plan of allocation of the Settlement Fund as set forth in the Notice shall in no way disturb or affect any other part of this Order and Final Judgment.

18. Only those Class Members filing valid and timely Proofs of Claim shall be entitled to receive a distribution from the Settlement Fund. The Proof of Claim to be executed by the Class Members shall further release all Plaintiffs' Settled Claims against the Defendant

9

Released Persons. All Class Members shall be bound by the releases set forth herein whether or not they submit a valid and timely Proof of Claim.

19. Plaintiffs' Counsel are hereby awarded attorneys' fees of 25% of the Settlement Payment and reimbursement of expenses in the amount of $61,111.92. The attorneys' fees and expenses shall be paid to Plaintiffs' Counsel from the Settlement Fund. The award of attorneys' fees shall be allocated among Plaintiffs' Counsel in a fashion which, in the opinion of Lead Counsel, fairly compensates Plaintiffs' Counsel for their respective contributions in the prosecution of the Consolidated Class Action.

20. In making this award of attorneys' fees and reimbursement of expenses to be paid from the Settlement Fund, the Court has considered and found that:

    a. the Settlement has created a fund of $5,500,000 in cash, plus interest thereon, and that numerous Class Members who submit acceptable Proofs of Claim will benefit from the Settlement created by Lead Counsel;

    b. Over 35,677 copies of the Notice were disseminated to putative Class Members indicating that Plaintiffs' Counsel was moving for attorneys' fees in the amount of up to 25% of the Settlement Payment and for reimbursement of expenses in an amount of approximately $85,000 and no objections were filed against the terms of the proposed Settlement or the ceiling on the fees and expenses requested by Plaintiffs' Counsel contained in the Notice;

    c. The Consolidated Class Action involved numerous difficult issues related to liability and damages;

    d. Lead Counsel achieved the Settlement with skill, perseverance and diligent advocacy for the Class;

    e. Had Lead Counsel not achieved the Settlement, there would remain a significant risk that Lead Plaintiffs and the Class may have recovered less or nothing from Defendants;

    f. Lead Counsel has devoted 1,671.05 hours, with a lodestar value of $859,909, to achieve the Settlement;

    g. Lead Counsel pursued the Consolidated Class Action on a contingent basis; and

10

      h.      The Settlement was negotiated at arm's-length, and no evidence of fraud or collusion has been presented.

21.      Without affecting the finality of this Order and Final Judgment in any way, the Court reserves exclusive and continuing jurisdiction over the Consolidated Class Action, Lead Plaintiffs and the Class for the purposes of: (i) supervising the implementation, enforcement, construction and interpretation of the Stipulation and this Order and Final Judgment; and (ii) supervising the distribution of the Settlement Fund, including the plan of allocation as set forth in the Notice, and entering the Class Distribution Order.

**SO ORDERED.**

Signed: August 6, 2014

*[signature]*

Graham C. Mullen
United States District Judge