```
                    UNITED STATES DISTRICT COURT
                 OR THE WESTERN DISTRICT OF NORTH CAROLINA
                          (Charlotte Division)


IN RE: SWISHER HYGIENE, INC.
SECURITIES AND DERIVATIVE LITIGATION      3:12-MD-2384


                                    Wednesday, August 6, 2014
                                    Charlotte, North Carolina

          The above-entitled action came on for a Settlement
Conference Proceeding before the HONORABLE GRAHAM C.
MULLEN, United States District Judge, in Courtroom 3,
commencing at 11:02 a.m.
```

**APPEARANCES**:

**On behalf of the Plaintiffs:**
**GARY W. JACKSON, ESQ**
The Jackson Law Group, PLLC
225 E. Worthington Avenue, Suite 200
Charlotte, North Carolina  28203

**On behalf of Movant James F. Caird:**
**JEFFREY C. BLOCK, ESQ**
Block & Leviton, LLP
155 Federal Street, Suite 1303
Boston, Massachusetts 02110


**On behalf of the Defendant, Swisher Hygiene, Inc.:**
**NATHAN M. WATKINS, ESQ.**
Moore & Van Allen
100 N. Tryon Street, Suite 4700
Charlotte, North Carolina  28202-4003

**PAUL J. LOCKWOOD, ESQ.**
**ALYSSA S. O'CONNELL, ESQ**
Skadden, Arps, Slate, Meagher & Flom, LLP
One Rodney Square
P.O. Box 636
Wilmington, Delaware  19899


Tracy Rae Dunlap, RMR, CRR                         828.771.7217
Official Court Reporter

1                    **I N D E X**
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25 Reporter's Certificate............................10

**P R O C E E D I N G S**

THE COURT: Good morning, counsel. First thing, I've got some kind of ear blockage. So it will be necessary for you to remember the first rule of being a lawyer in court: Stand up straight and talk loud. Okay?

We're here for a hearing on the fairness hearing on the settlement in this Swisher matter. We have some people who have opted out. The vast majority of those are associated with the Florida litigation involving the acquisition of the Florida company. I don't know if there are any others who are not so associated. Any comments on that from anybody?

MR. BLOCK: Good morning, Your Honor, Jeffrey Block on behalf of the plaintiffs. There were ten -- a total of ten requests for exclusion, Your Honor. Seven of those are the Florida plaintiffs. There were three other investors who requested exclusion that we filed with the court yesterday. I think they amount to a few thousand shareholders in total. So we would consider that a very di minimis number of requests for exclusion.

THE COURT: You don't represent them?

MR. BLOCK: We do not, Your Honor.

THE COURT: Are they in fact represented? Do you know.

MR. BLOCK: As far as we know they are not

represented.

      MR. LOCKWOOD: Your Honor, one of them named Harris had filed a lawsuit in Florida that got transferred by the JPML up to here. I think it's in the process of --

      THE COURT: It hadn't come here yet but we know it's on the way.

      MR. LOCKWOOD: Yes, Your Honor. And we've agreed with those plaintiffs to await the outcome of the Miller motion to dismiss before moving forward in that case. But that's -- it's a small case. It's -- the total investment by Mr. Harris is about $100,000.

      THE COURT: All right. This will expose my ignorance, but I guess that's what you do when you ask questions. After we get through with this, if Mr. Harris suddenly looks around and decides that oh, my God, I really should have been a part of the settlement, can he change his mind?

      MR. LOCKWOOD: I think we would have to let him do that in the sense if we wanted to hold the exclusion we could. But I think it would certainly not bother the company to allow him back into the class.

      THE COURT: Okay. So it might be doable if everybody agreed at the time?

      MR. LOCKWOOD: Yes.

1  THE COURT:  Okay.  We're here now for the fairness
2  hearing.  I have to make a determination of fairness and
3  adequacy.  As I understand it, there are no objections.
4  In fact, at this point, if somebody came into court and
5  said I want to object, as I understand from re-reading
6  the order, they can't.  They're barred.  It's a done
7  deal.  What do you folks want to get on the record to
8  enable me to make a ruling at this point?
9       MR. BLOCK:  Thank you, Your Honor.  Aside from
10  what we've put in the papers, I think I'll try to be
11  brief.  We think this is a very fair settlement and a
12  very good settlement for the class.  As we put in the
13  papers, what we looked at was, what is the recovery that
14  we got compared to what we could have gotten at trial?
15  There were two numbers we could have gotten at trial,
16  depending on how the litigation unfolded.  If you get
17  that one day drop, we can get $17 million if we went
18  across the board.  If you get the two day drop, it's $28
19  million.  The five and a half million dollars cash
20  recovery that we achieved is either 30 percent of what we
21  could have gotten or 20 percent.
22       We think -- a securities case -- and these are
23  tough cases where you're going to have to prove
24  defendants acted intentionally.  It's complex issues of
25  accounting which is not going to be easy for a jury to

understand or follow.  We think that those numbers are very, very strong numbers.  And given that we did it quickly, efficiently, we didn't drag this case out for a long time, we didn't have to incur huge amounts of money in accounting expert fees and damage fees.  We think it's a very fair settlement for the class.  And importantly, it's going to get money back into the hands of the investors.

We're expecting we're going to be back here this fall asking you to approve the distribution.  So the fact that nobody's objected -- we sent out almost 36,000 notices and nobody objected to anything.  You've got three really -- two really de minimis exclusions.  The choice exclusion is a significant one but for obvious reasons.  They have their own lawsuit and we think the settlement should be approved by the Court.

Unless Your Honor has any questions or you want me to go into more detail --

THE COURT:  No.  I could not agree more with you.  Plaintiffs with the PSLRA in place have a hard time and under the circumstances, number one, I have strong reservations about the second day drop under the fraud.  And the market theory means that you would be limited to the $17 million if you won.  And 30 percent of that is a -- frankly, I think it's a very excellent recovery.  I

think it is more than just adequate.  I think it's a very fair and more than adequate recovery for the plaintiffs and the class.  Do you folks want to get anything on the record to support that?

MR. LOCKWOOD:  What I would say, Your Honor, is from the defendant's perspective we thought we could win this case.  We thought we could win this motion to dismiss.  This company wanted to settle this case because the company wants to get back to focusing on its business.  This case is a huge distraction and we're trying to minimize distractions.  If the plaintiffs were reasonable, we thought we could settle it which is why we did an early mediation.

To the plaintiffs' counsel's credit, they hung in there and they pushed us to a settlement which, I think, Your Honor accurately characterizes as a more than adequate settlement.  That was, from our perspective, what was necessary to get it done.  So we think that the Court should approve the settlement as fair.

THE COURT:  Well, I'm ready to approve the settlement.  I will enter findings that it is fair and adequate and I have considered all the things that you're supposed to consider.  I am particularly impressed with the quality of counsel on both sides of this matter.  This is a matter which has been fairly litigated by

people who know what they're doing.

The settlement is -- gosh. Even for a hotly contested questionable liability personal injury case this is a -- this would be a good settlement. So the fact that it's occurring within the context of a securities case, which is very difficult for plaintiffs to win, is extremely impressive to me. So I'm ready to sign off on it.

Now we have had a proposed order that has come to us corrupted, so we hadn't been able to fill in all the blanks. Can somebody get us an original Word document that we can use?

MR. BLOCK: Yes, Your Honor. I have somebody in my office and hopefully it is on the way.

THE COURT: All right. Then I'm happy to sign the order, and we'll do so as soon as we have the appropriate document in hand. Then that will leave us with the people who opted out. We have a motion to dismiss on -- that's in process. I think we've ruled on part of that already. Then we've got the other little people, and I will leave it to competent counsel to try to stir things up with that and see if it can be resolved some way.

I don't know what the -- I do not know what the company would have had to spend to, you know, fully litigate something like this, but it certainly would have

9

been a significant fraction of what they're paying out. So I think it's a wise decision. Is there anything else that I need to do today?

MR. BLOCK: The only other issue, Your Honor, would be our request for attorneys' fees.

THE COURT: That's a reasonable request.

MR. BLOCK: Thank you, Your Honor.

THE COURT: Twenty-five percent under these circumstances is very reasonable. That order, too, is that going to be part of the package?

MR. BLOCK: It's all in the same order, Your Honor, yes.

THE COURT: All right. Anything further for the defense that we need to do today?

MR. LOCKWOOD: No, Your Honor.

THE COURT: All right. Thank you folks for being as competent and as much on top of this case as you were and requiring as little intervention from the Court as you did. I look forward to getting that document which I will sign right away.

MR. BLOCK: Thank you, Your Honor.

THE COURT: Thank you.

(Off the record at 11:12 a.m.)

**CERTIFICATE**

I, Tracy Rae Dunlap, RMR, CRR, an Official Court Reporter for the United States District Court for the Western District of North Carolina, do hereby certify that I transcribed, by machine shorthand, the proceedings had in the case of In Re: SWISHER HYGIENE, INC. SECURITIES AND DERIVATIVE LITIGATION, Civil Action Number 3:12-MD-2384 on August 6, 2014.

In witness whereof, I have hereto subscribed my name, this 15th day of August 2014.

__/S/__Tracy Rae Dunlap___
TRACY RAE DUNLAP, RMR, CRR
OFFICIAL COURT REPORTER