# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

_____x
**IN RE SWISHER HYGIENE,**               MDL DOCKET NO: 3:12-MD-2384-GCM
**INC. SECURITIES AND**
**DERIVATIVE LITIGATION**                ALL MEMBER CASES
_____x

## ORDER APPROVING DISTRIBUTION PLAN AND AUTHORIZING DISTRIBUTION OF SETTLEMENT FUND

On August 6, 2014 this Court granted final approval to the settlement of this class action and retained jurisdiction to authorize and approve the distribution of the settlement fund to eligible class members. (*See* Doc. No. 104). Lead Plaintiffs have now filed an Unopposed Motion for Approval of Distribution Plan for Net Settlement Fund (Doc. No. 117) asking the Court to (1) approve the administrative determinations of the Claims Administrator accepting and rejecting claims; (2) authorizing payment out of the Settlement Fund to the Claims Administrator for its fees and expenses; (3) directing distribution of the Net Settlement Fund consistent with the Claims Administrator's distribution plan; and (4) authorizing destruction of paper copies of the Proofs of Claim one year after final distribution of the Net Settlement Fund and destruction of electronic copies three years after final distribution.

Lead Plaintiffs show unto the Court that the Claims Administrator, A.B. Data, received a total of 3,853 Proofs of Claim by the end of the August 1, 2014 claim submission deadline, and determined that 2,477 of these claims were valid. After the deadline, the Claims Administrator received 311 claim forms and determined that 95 of these were valid. Both the Claims Administrator and Lead Plaintiffs recommend acceptance and payment of these otherwise valid and late claims. Lead Plaintiffs note their belief that "when the equities are balanced, it would be unfair to prevent an otherwise valid claim from participating in the Net Settlement Fund solely

because it was submitted after the cut-off date, but while the claims were still being processed." (Doc. No. 118 at 5). The Court agrees, and approves acceptance and payment of these 95 claims.

Lead Plaintiffs also show that only one individual whose claim was rejected by the Claims Administrator maintains a request that the Court review that rejection pursuant to paragraph 3.1(v) of the parties' Stipulation (Doc. No. 62). Lead Plaintiffs submit Exhibit D to the Declaration of Adam D. Walter, a Senior Project Manager of A.B. Data, summarizing that disputed claim. (*See* Doc. No. 117-2 at 32-51). Having reviewed those materials, it appears to the Court that this individual, Eugene J. Leskiw, purchased all of his Swisher common stock outside of the United States. The parties' Stipulation, and the Court's subsequent order approving the settlement, defined the Class to include individuals "who purchased on the NASDAQ stock exchange or otherwise acquired shares of Swisher common stock in transactions that took place within the United States or its territories at any time between and including March 1, 2011 and March 28, 2012." (Doc. No. 104 at 4).[1] Because Mr. Leskiw purchased all of his Swisher common stock outside the United States, he clearly falls outside the Class. As a result, the Court approves the rejection of his claim.

Thus, having considered the motion, memorandum of law, affidavit of Adam D. Walter ("Walter Affidavit") and the affidavit of Jeffrey C. Block ("Block Affidavit") filed by Lead Counsel on April 9, 2015, and for the additional reasons stated herein:

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** as follows:

---

[1] Lead Plaintiffs note that the purpose of this limitation is to reflect Supreme Court precedent that federal securities laws apply only to purchases of stock made on a United States stock exchange, or otherwise within the United States. (*See* Doc. No. 118 at 7, citing *Morrison v. Nat'l Australia Bank Ltd.*, 561 U.S. 247 (2010)).

1. This Order Approving the Distribution Plan and Authorizing the Distribution of Settlement Funds incorporates by reference the definitions in the Stipulation and unless defined herein, capitalized words and terms shall have the same meaning as they have in the Stipulation.

2. The Court has jurisdiction over the subject matter of the Consolidated Class Action, Lead Plaintiffs, and other members of the Class.

3. The Court hereby finds that the procedures followed by A.B. Data, as set forth in the Walter Affidavit, in reviewing claim forms from Class Members are in conformity with the procedures set forth in the Stipulation of Settlement; the distribution plan for the Net Settlement Fund set forth in the Walter Affidavit is **APPROVED** and A.B. Data's recommendation to pay Claimants identified in Exhibits E and F to the Walter Affidavit are **APPROVED**; A.B. Data's recommendation to reject Proofs of Claim identified in Exhibit G to the Walter Affidavit are **APPROVED**.

4. A.B. Data's recommendation to reject the claim identified in Exhibit D to the Walter Affidavit is **APPROVED**.

5. A.B. Data's request to establish a reserve in the amount of $100,000, or 2.5% of the Swisher Net Settlement Fund, to adjust for any inadvertent errors in payments upon sufficient proof, the resolution of disputed claims consistent with Court orders, and/or to pay additional taxes, costs, and administrative fees associated with such matters is **APPROVED**.

6. Lead Counsel's request to pay A.B. Data $185,434.62 in fees and expenses is **APPROVED**.

**SO ORDERED.**

Signed: May 22, 2015

Graham C. Mullen
United States District Judge